IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURA JONES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 1:14-cv-00853 |
| | § | |
| THE RESERVE AT LAKE TRAVIS, LLC, | § | |
| | § | |
| | § | A Jury is Demanded |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Laura Jones, plaintiff, brings this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III) ("FLSA"). This is an individual action to recover unpaid overtime compensation, minimum wage compensation, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendant.

### PARTIES

1.     Plaintiff, Laura Jones, was an "employee" of Defendant, as that term is defined by the FLSA.  During her employment with Defendant, the Plaintiff was, individually, directly engaged in interstate commerce, and her work was essential to Defendant's business.  Plaintiff resides in Travis County, Texas.

2.     Defendant, The Reserve at Lake Travis, LLC, is a Texas corporation that engages in property development in Travis County, Texas.  The Reserve at Lake Travis, LLC is formed and existing under the laws of the State of Texas and maintains and operates a business in Travis County, Texas.  Defendant employed Plaintiff as manager and promoter of the equestrian center located within The Reserve at Lake Travis community.

1

With respect to Plaintiff, Defendant is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).  The work of Defendant involves the actual movement of commerce and uses the interstate highways at various times to transport construction materials.  Defendant accesses and uses construction trucks manufactured and sold through interstate commerce to transport construction materials.  The Reserve at Lake Travis, LLC was substantially in control of the terms and conditions of the Plaintiff's work in Travis County.  The Reserve at Lake Travis, LLC directed Plaintiff in the performance of her duties and handled or caused to be handled various human resources functions, had the ability to hire and/or fire employees, and at all times acted as Plaintiff's employer as defined by 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under the FLSA.  Jurisdiction is conferred via 28 U.S.C. §1337 and 29 U.S.C. §216(b).  At all times pertinent to this Complaint, Defendant The Reserve at Lake Travis, LLC was an enterprise engaged in interstate commerce, using instrumentalities such as construction trucks manufactured in commerce, and conducting transactions through commerce, including the use of credit cards, cell phones, and electronic mail.  Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business.  Specifically, Plaintiff would order supplies for the equestrian center, and handle consumable goods manufactured, sold, and transported through commerce.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

4. Defendant employed Plaintiff for approximately four years beginning on or around March of 2010 as a manager and promoter of the equestrian center located within The Reserve at Lake Travis community.

5. Plaintiff was one of three employees working at the equestrian center.

6. Plaintiff's duties involved scheduling and hosting horse clinics and events, talking to potential residents about the benefits of the equestrian center, maintaining the appearance of the equestrian center, partnering with the Cypress Club for fundraisers and promoting the property, transported horses to and from veterinarian clinics, and ordering necessary supplies and food for the twenty-two boarded horses.

7. Plaintiff was not paid for the work she performed for the Defendant.

8. Defendant engages in the business of property development, utilizing equipment and materials transported through interstate commerce.

9. Defendant accepts credit cards and engages in credit card transactions.

10. Plaintiff ordered supplies and consumable goods for the equestrian center that were transported through interstate commerce.

11. Plaintiff answered cellular phone calls in relation to the conduct of her work and communicated at times via electronic mail using the Internet for business purposes.

12. Plaintiff worked at least forty-eight hours each week she worked for Defendant.

13. Plaintiff's regular scheduled was 10:00 a.m. to 6:00 p.m. from Sunday to Friday. In addition to those forty-eight hours, Plaintiff often worked on Saturdays and arrived before 10:00 a.m. and stayed after 6:00 p.m. as the amount of work and her job duties required.

14. During some or all of the workweeks of her tenure with the Defendant, the Plaintiff worked in excess of 40 hours per week.

15. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA. Plaintiff was not paid for all the hours that she worked.

16. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

17. The Defendant did not make a good faith effort to comply with the overtime and minimum wage provisions contained within the FLSA.

18. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

19. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

**FIRST CAUSE OF ACTION: VIOLATION OF THE FLSA OVERTIME PROVISIONS**

20. Plaintiff incorporates all averments of fact into this First Cause of Action for violation of the FLSA overtime provisions.

21. Defendant willfully denied Plaintiff's right to overtime compensation under the FLSA.

22. The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

23. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

24. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

25. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION: VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

26. Plaintiff incorporates all averments of fact into this Second Cause of Action for violation of the FLSA minimum wage provisions.

27. Defendant willfully denied Plaintiff's right to a minimum wage by not paying Plaintiff for any of the total amount of hours worked by Plaintiff.

28. The FLSA prohibits the payment of less than a guaranteed minimum wage of $7.25 per hour.

29. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the minimum wage required by law which was not paid and which should have been paid.

30. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

31. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

### JURY DEMAND

32. Plaintiff demands a trial by jury on all claims she has asserted in this Complaint.

**PRAYER FOR RELIEF**

Laura Jones, Plaintiff, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. Judgment against Defendant for an amount equal to the minimum wage for every hour worked during the workweek;

3. Judgment against Defendant that its violations of the FLSA were willful;

4. Judgment against Defendant for an amount equal to the unpaid wage damages as liquidated damages;

5. If liquidated damage are not awarded, an award of pre-judgment interest;

6. Post-judgment interest at the applicable rate;

7. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

8. Leave to amend to add claims under applicable state laws, if necessary; and,

9. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

    Respectfully submitted,

    **ROSS LAW GROUP**
    1104 San Antonio St.
    Austin, Texas 78701
    (512) 474-7677
    (512) 474-7677 (fax)

/s/ Daniel B. Ross

**DANIEL B. ROSS**
Texas Bar No. 00789810
dan@rosslawgroup.com
Attorney-in-Charge

**JONATHAN SANDSTROM HILL**
Texas Bar No. 24076667
jonathan@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**

7